**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jeff Glover, | Case No. 2:24-cv-00596-JAD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 35] |
| C/O Canute C. Brown, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for appointment of counsel, Docket No. 35.[1]

A litigant does not have a constitutional right to counsel to pursue civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request[2] an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court will request an attorney for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). Representations of an inability to retain counsel, as well as "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel." *E.g.*, *Boyd v. Henry*, No. 2:23-cv-01022-CDS-MDC, 2024 WL 4046456, at *5 (D. Nev. May 9, 2024) ((quoting *Baker v. Macomber*, No. 2:15-cv-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020)). When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] To be clear, the Court does not "appoint" counsel in civil cases. The law "does not actually authorize the court to force a lawyer to take a case" and the Court does not have "staff attorneys standing by to represent *pro se* litigants." *Chan v. Ryan*, 2023 WL 197429, at *2 (W.D. Wash. Jan. 17, 2023) (quoting *Sifuentes v. Nautilus, Inc.*, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022)).

complexity of the legal issues involved. *Palmer*, 560 F.3d at 970. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Plaintiff has not demonstrated exceptional circumstances here. While Plaintiff has stated colorable claims sufficiently to proceed past the pleading stage, Plaintiff has not yet demonstrated that evidence shows a likelihood to succeed on the merits of those claims. *Cf. Hucker v. Daub*, No. 21-cv-577 JLS (AHG), 2021 WL 2550089, at *6 (S.D. Cal. June 22, 2021) (collecting cases that stating a colorable claim is not, standing alone, sufficient to demonstrate a likelihood of success on the merits). The claims in this case address alleged failure to protect Plaintiff and alleged delay in medical care. *See* Docket No. 7. While the allegations are no doubt very serious, they do not appear to be complex in nature. Moreover, Plaintiff has thus far shown a sufficient ability to articulate claims and arguments without the assistance of counsel. Indeed, this very motion is supported by Plaintiff's use of the law library and legal research efforts. *See* Docket No. 35 at 3 (citing *Figueroa v. Gill*, 2025 U.S. Dist. Lexis 121404 (D. Nev. June 24, 2025)). Despite Plaintiff's obvious abilities to articulate his claims and arguments, he contends that counsel should be appointed because he has been unable to serve Defendants Brown and Ruiz. It is common for a prisoner to have difficulty serving a former prison employee when the Nevada Department of Corrections has provided a last known address at which service was not successful.[3] Such a common scenario is not an exceptional circumstance and, indeed, permitting appointment of counsel in that circumstance would grind the voluminous prisoner civil rights docket to a halt.

---

[3] The case cited by Plaintiff is not applicable here. That case involved claims against officers with the Las Vegas Metropolitan Police Department, which apparently refused to accept service without the prisoner providing a badge number for the defendants and service had been attempted at a location that was not really "a physical address for anything." *See Figueroa*, 2025 U.S. Dist. Lexis 121404, at *3-4. Hence, that case involved "procedural irregularities" and "oversights." *See id.* at *6. The circumstances of this case are different. The Nevada Attorney General's Office identified the two defendants at issue and provided their last known address so that service could be attempted. *See* Docket No. 16. Service was then attempted at those addresses, but service could not be effectuated because these defendants had moved. *See* Docket Nos. 22, 23. In short, this case does not include irregularities regarding service.

Accordingly, the Court **DENIES** the motion to appoint counsel.

IT IS SO ORDERED.

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge