**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jeff Glover,

Plaintiff

v.

Canute C. Brown, et al.,

Defendants

Case No. 2:24-cv-00596-JAD-NJK

**Amended[1] Order (Vacating and Replacing ECF No. 60 dated 7/16/26)**

ECF Nos. 32, 34, 38, 56, 61

Plaintiff Jeff Glover brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights were violated when staff at the Southern Desert Correctional Center (SDCC) failed to protect him from an inmate attack and then failed to provide him timely medical treatment for his resulting injuries.[2]

**A. Service issues**

The court ordered Glover to effectuate service on all defendants by December 8, 2025.[3] Two defendants—corrections officer Canute C. Brown and Lieutenant Jesus Ruiz—were not served by that deadline. The Nevada Attorney General's Office could not accept service on their behalf because they are no longer employed by the Nevada Department of Corrections,[4] and an

[1] After the court entered the order addressing these issues on 7/16/26, it was discovered that the magistrate judge had already ruled on the issues in the request for alternate service. That order is in the docket at ECF No. 50. The plaintiff did not file an objection to or appeal of that order, and the deadline to do so has long passed. So this Amended Order is intended to supersede and replace the one filed yesterday at ECF No. 60.

[2] *See* ECF No. 7 (screening order).

[3] ECF No. 11 at 2.

[4] ECF No. 14.

attempt to serve them at their last known addresses was unsuccessful.[5] In late January, Glover was ordered to show cause why Brown and Ruiz should not be dismissed for want of service under Federal Rule of Civil Procedure 4(m).[6] The magistrate judge considered Glover's response[7] to that order to show cause and request for a further extension of the service deadline but concluded that "there [wa]s no point in continuing to extend the service deadline after six months given Plaintiff's inability to identify any viable path forward to effectuate service."[8] So she recommends that I dismiss Brown and Ruiz from this case without prejudice for want of service.[9]

Glover filed an objection to that report and recommendation.[10] But his objection is more accurately characterized as a new motion for service by alternate means. As he explains, "[a]fter a lot of research, Mr. Glover would request to be able to serve Brown & Ruiz under Rule 4(e)(1) [t]hrough publication in the Las Vegas Review Journal. . . . [and t]hrough the U.S. Mail."[11] That request was given a separate docket number (ECF No. 47), and the magistrate judge considered it on its merits and denied it at ECF No. 50. Glover did not object to or appeal from that denial. Because Glover's "objection" is not a true objection but an alternate request that has been separately decided by the magistrate judge, his objection at ECF No. 43 is OVERRULED, and the magistrate judge's report and recommendation to dismiss the claims against Brown and Ruiz

---

[5] ECF Nos. 16, 22, 23.

[6] ECF No. 32.

[7] Glover's response, ECF No. 34, is erroneously titled "Motion to Show Cause."

[8] ECF No. 38 at 3.

[9] *Id*.

[10] ECF No. 43.

[11] *Id*. at 2–3.

for lack of service under FRCP 4(m) is ADOPTED. The claims against Brown and Ruiz are dismissed without prejudice.

**B. Reconsideration of the motion to compel**

Glover also filed a motion to compel the defendants to give him a copy of the entire defense file for this case.[12] In their response, the defendants represented that they had since "hand-delivered all discovery in this matter to Glover."[13] Glover did not file a reply, so the magistrate judge concluded that "it appears the dispute is now moot" and denied the motion to compel.[14]

Glover filed a motion for reconsideration of that ruling.[15] He says that he did get his file, but it's "locked up in the SDCC law library," so he can only review it by appointment—and his appointments keep getting canceled "due to lockdown."[16] He adds that employees "at SDCC are retaliating against Mr. Glover by hiding, destroying, getting rid of, or throwing away" his things.[17] The defendants respond that Glover hasn't given a proper basis for reconsideration because he doesn't identify any error by the magistrate judge, and the problems he identifies are with his facility, not with the defendants' compliance with their discovery obligations in this case.[18] Indeed, in his reply in support of reconsideration, Glover acknowledges that "[t]his motion isn't saying the court committed any error. It is simply stating that the constant

---

[12] ECF No. 51.

[13] ECF No. 54 at 2.

[14] ECF No. 55 at 1.

[15] ECF No. 56.

[16] *Id*. at 3.

[17] *Id*. at 5–6.

[18] ECF No. 57 at 2.

lockdowns . . . [have] caused a serious problem of being able to review the over 400 pages of discovery in the file."[19]

Glover's motion for reconsideration is denied because reconsideration is the wrong vehicle for the relief he wants. At bottom, he is not challenging the magistrate judge's denial of his motion to compel; he seeks an exception to his facility's rules and procedures for accessing documents held at the law library. This isn't a discovery issue, it's a facility-access one.[20] Because that is a distinct issue from the one that the magistrate judge addressed in the motion to compel, Glover's request for reconsideration of his motion to compel is denied.

**C. Conclusion**

**IT IS THEREFORE ORDERED that:**

**The Clerk of Court is directed to VACATE** my order at **ECF No. 60** because this amended order replaces it;

The magistrate judge's report and recommendation to dismiss the claims against Canute C. Brown and Ruiz **[ECF No. 38] is ADOPTED in full; the claims against Canute C. Brown and Jesus Ruiz are DISMISSED** without prejudice under FRCP 4(m); the Clerk of Court is directed to **TERMINATE them as defendants.**

The Clerk of Court is directed to **STRIKE** the motion for alternate service that I had previously ordered redocketed at **ECF No. 61** because that motion was already separately docketed at ECF No. 47 and decided by the magistrate judge at ECF No. 50.

---

[19] ECF No. 59 at 2.

[20] The court notes that Glover has also filed a request to extend the discovery deadline because of his access restrictions. *See* ECF No. 58.

Glover's motion for reconsideration of the magistrate judge's order [55] denying his motion to compel **[ECF No. 56] is DENIED** without prejudice to Glover's ability to file a motion specifically seeking an order addressing the issue of access to his law-library materials.[21]

U.S. District Judge Jennifer A. Dorsey
July 17, 2026

[21] The court makes no prediction or promises about the likelihood of success of any such motion.